*E-Filed 3/1/16*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES ANTHONY BROOKS, | No. C 15-4877 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE BY APRIL 11, 2016 WHY THE PETITION SHOULD NOT BE DISMISSED** |
| v. | |
| SAN MATEO SUPERIOR COURT, | |
| Respondent. | |

On or before April 11, 2016, petitioner must show cause why this federal habeas action should not be dismissed for failing to exhaust his claims before filing suit. If he fails to do so, the action will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). In fact, a federal district court may not grant the writ unless

state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective." *See* 28 U.S.C. § 2254(b)(1)(A)–(B). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Lundy*, 455 U.S. at 510.

Petitioner seeks federal habeas relief from his state convictions. According to the petition, he has pending state habeas petitions challenging the same convictions as issue here, however. (Pet. at 3–4.) Because his habeas claims are pending in state court, they are unexhausted and therefore are subject to dismissal. *Lundy*, 455 U.S. at 510.

Petitioner may avoid dismissal if he can show that he is entitled to a stay of the action. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Webber*, 544 U.S. 269, 277–78 (2005)). A federal court may stay a petition that raises only unexhausted claims. *Mena v. Long*, No. 14-55102, 2016 WL 62540516, *1 (9th Cir. Feb. 17, 2016). A stay is "appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Rhines*, 544 U.S. at 277–78.

The Court notes petitioner has provided updated information on his ability to pay the filing fee, which the Court construes as a renewed motion to proceed *in forma pauperis* ("IFP"). Because this new information shows that petitioner lacks the current ability to pay the filing fee, his motion to proceed IFP is GRANTED.

**IT IS SO ORDERED.**

DATED: March 1, 2016

RICHARD SEEBORG
United States District Judge